An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-493

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

v.                                      Wake County
                                        No. 11 CRS 214643
MARCUS XAIVER BRIDGES


Appeal by the State from order entered 21 August 2012 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 23 October 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Kathryne E. Hathcock, for the State.*

> *Geeta Kapur and The Law Offices of James D. Williams, Jr., by James D. Williams, Jr., for defendant-appellee.*


CALABRIA, Judge.


The State of North Carolina appeals from the trial court's order setting aside a jury verdict finding Marcus Xaiver Bridges ("defendant") guilty of felony hit and run resulting in serious injury or death ("felony hit and run") and dismissing that charge. We affirm.

On 25 June 2011, defendant was driving his mother's Pontiac Vibe ("the Vibe") eastbound on Interstate 40 ("I-40") in Raleigh, North Carolina at approximately 65 miles per hour. He approached Exit 301, at which point I-40 divides into two right lanes continuing as I-40 East and two left lanes exiting onto I-440 West. Defendant, who was unfamiliar with the area, was in one of the left lanes.

Initially, defendant believed he was supposed to continue on I-40 and veered sharply into one of the right lanes in order to do so. When he veered, the Vibe entered the lane already occupied by a Chevrolet Malibu ("the Malibu"). The Vibe came within close proximity of the Malibu, but the vehicles never physically touched. Defendant then determined that he actually wanted to exit to I-440, and he quickly changed lanes to the left. Meanwhile, the driver of the Malibu lost control of her vehicle in an attempt to avoid defendant. She swerved to the right and struck a tree. Seventeen-year-old Morgan McKenzie, a passenger in the Malibu, died as a result of the crash.

Law enforcement officers investigating the crash were able to link the Vibe with defendant. Lieutenant Kyle Wescoe ("Lt. Wescoe") of the Raleigh Police Department ("RPD") then went to defendant's home. Defendant identified himself to Lt. Wescoe

and admitted that he had recently driven to the Triangle Town Center mall in Raleigh. Lt. Wescoe informed defendant that he was investigating an automobile accident. Defendant complied with Lt. Wescoe's request to come to the RPD for an interview regarding the accident.

At the station, defendant was interviewed by RPD Officer Jamie Rigsbee ("Officer Rigsbee"). Defendant told Officer Rigsbee that he was attempting to travel to Crabtree Valley Mall via I-40 when he approached the I-40/I-440 split at Exit 301 and became confused as to which road to take. Defendant admitted that he went from an I-440 lane to an I-40 lane and then back. Defendant denied seeing another vehicle in the I-40 lane. Officer Rigsbee informed defendant that a fatal car crash had occurred as a result of his driving, and defendant became very upset and started crying.

Defendant was indicted for felony hit and run and misdemeanor death by motor vehicle. Beginning 13 August 2012, defendant was tried by a jury in Wake County Superior Court. At the close of the State's evidence and at the close of all the evidence, defendant made a motion to dismiss both charges. These motions were denied by the trial court.

On 20 August 2012, the jury returned verdicts finding defendant guilty of both charges.  After the verdicts, defendant renewed his motion to dismiss, and on 21 August 2012, the trial court entered an order setting aside the jury's verdict and dismissing the felony hit and run charge.  The misdemeanor death by vehicle conviction remained undisturbed.  The State appeals.

The State's sole argument on appeal is that the trial court erred by granting defendant's motion to dismiss the charge of felony hit and run.  We disagree.

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000)(quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).  "This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

Pursuant to N.C. Gen. Stat. § 20-166(a),

> The driver of any vehicle who knows or reasonably should know:
>
> > (1) That the vehicle which he or she is operating is involved in a crash; and
>
> > (2) That the crash has resulted in serious bodily injury, as defined in G.S. 14-32.4, or death to any person;
>
> shall immediately stop his or her vehicle at the scene of the crash. The driver shall remain with the vehicle at the scene of the crash until a law-enforcement officer completes the investigation of the crash or authorizes the driver to leave and the vehicle to be removed, unless remaining at the scene places the driver or others at significant risk of injury.

N.C. Gen. Stat. § 20-166(a) (2013). In the instant case, the trial court held that the State failed to provide substantial evidence of defendant's knowledge that (1) his vehicle was involved in a crash and (2) the crash resulted in serious bodily injury or death:

> Here there's no evidence that there was any collision between the vehicles. There's no evidence that the defendant knew anybody -- that an accident occurred, and there's absolutely no evidence that the defendant knew that death or physical injury had occurred[.] . . . Consistently, the defendant in this case has denied being -- any knowledge of being involved in an accident. There's nothing from the

> circumstances which would lead the Court to believe there is any evidence that he knew or reasonably should have known that this was -- that he was involved in an accident, in the evidence or actual, and that's specifically why this statute exists, so that the Court doesn't allow a jury verdict to stand where there's no evidence to support it. There's just no evidence to support that either of these -- either of these elements of this offense, and the Court allows the motion to set aside the jury's verdict as to the felony hit and run charge, . . . that motion is granted and set aside . . . .

The State concedes that there was no evidence presented at trial that defendant had actual knowledge of the crash, but contends that the evidence presented at trial was sufficient for a jury to conclude that defendant reasonably should have known that he caused an accident and that the accident resulted in serious injury or death. In support of its contention that it met its evidentiary burden as to these elements at trial, the State cites two unpublished cases from this Court. In *State v. Barbour*, this Court held that the State presented sufficient evidence that the defendant should have known that the victim was injured when he struck her vehicle, which was traveling at 55 miles per hour, and sent it spinning on the highway. ___ N.C. App. ___, 735 S.E.2d 452, 2012 N.C. App. LEXIS 1320, 2012 WL 5859668 (2012)(unpublished). In *State v. Williams*, this

Court held that the evidence presented did not support an instruction on the lesser included offense of misdemeanor hit and run because the defendant reasonably should have known that the victim was injured in the accident. ___ N.C. App. ___, 716 S.E.2d 90, 2011 N.C. App. LEXIS 1940, 2011 WL 3891983 (2011)(unpublished)(Finding that the following evidence demonstrated that the defendant reasonably should have known that the victim was injured: (1) defendant's vehicle, which was traveling at 55 miles per hour, rear ended the victim's vehicle, which was traveling at 45 miles per hour; (2) both vehicles went off the road and into a ditch, with the victim's vehicle striking a tree; (3) both vehicles suffered extensive damage; (4) the victim saw the defendant leave the scene with a third person; and (5) the defendant himself was injured in the accident.).

However, *Barbour* and *Williams* are both distinguishable from this case because they both involved actual physical contact between the defendant's vehicle and the victim's vehicle. While contact is not required by our statutes in order for an accident to have occurred, *see* N.C. Gen. Stat. § 20-4.01(4b) (2013)(A "crash" is defined as "[a]ny event that results in injury or property damage attributable directly to the motion of a motor

vehicle or its load. The terms collision, accident, and crash and their cognates are synonymous."), the contact provides a substantial basis to conclude that a defendant reasonably should have known about an accident. Since there was no contact between the Vibe and the Malibu in the instant case, the evidence presented by the State at trial must have provided some alternative basis through which defendant would reasonably have been made aware of the accident. Additionally, this evidence would have to demonstrate that defendant was particularly aware of the severity of the accident such that he reasonably should have known that it resulted in a severe injury or death. *See* N.C. Gen. Stat. § 20-166(a).

In its brief, the State relies upon eyewitness testimony to try to establish that there was substantial evidence that defendant reasonably should have known about the crash of the Malibu and its severity. The State cites testimony from multiple individuals who witnessed the crash while traveling several hundred feet behind it and from an individual in front of the crash who witnessed the accident in his side-view mirrors. However, these witnesses were at substantially different locations from defendant such that the crash was directly within their respective lines of sight. Their

testimony does not provide any information about what defendant's vantage point from I-440 would have been at the time of the crash. The evidence at trial was that I-440, on which defendant was traveling, immediately curved away from I-40, where the crash ultimately occurred, after Exit 301. Thus, witnesses who had either not reached Exit 301 at the time of the crash or who were still traveling on I-40 after that exit could not provide substantial evidence that defendant reasonably should have seen the crash from his location at the time that it occurred.

Finally, the State contends that defendant should reasonably have heard the crash based upon the testimony of RPD Officer John Michael Walls, III ("Officer Walls"). Officer Walls testified that he "heard what [he] thought was a faint sound of a vehicle crash" while stopped in traffic on an overpass approximately one-eighth of a mile from Exit 301. However, just as the eyewitness crash testimony did not provide evidence of what defendant reasonably could have seen from his location, the fact that Officer Walls could faintly hear a crash from his precise location does not shed any light on what defendant reasonably could have heard from his location at the time of the crash. Thus, Officer Walls's testimony does not

provide substantial evidence that defendant reasonably should have known that he was involved in a crash.

Ultimately, the State did not present substantial evidence that defendant reasonably should have known that he was involved in an accident which resulted in a serious injury or death. There was no evidence that defendant could have reasonably felt, seen, heard, or otherwise been made aware of either the crash or its severity based upon his location when the crash occurred. Accordingly, the trial court properly set aside the jury's verdict and dismissed the felony hit and run charge. The trial court's order is affirmed.

Affirmed.

Judges HUNTER, Robert C. and HUNTER, Jr., Robert N. concur.

Report per Rule 30(e).